IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER JENNINGS BENNETT, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-435-JTA |
| ) | |
| CITY OF MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

## **MEMORANDUM OPINION AND ORDER**

Twelve years ago, Plaintiff Jennifer Jennings Bennett ("Bennett" or "Plaintiff") filed an employment discrimination suit against her employer, the City of Montgomery, Alabama ("the City), which resolved by settlement. Plaintiff received word that her former employer was making derogatory remarks about her and filed this suit naming the City and Miford Jordan ("Jordan"), in his individual capacity, as defendants (collectively "Defendants").

Pending before the Court is Defendants' motion for summary judgment. (Doc. No. 23.) The Court has  carefully reviewed the motion, Plaintiff's response in opposition thereto, and the supporting and opposing evidentiary materials. For the reasons set forth below, the Court finds that the motion for summary judgment (Doc. No. 23) is due to be GRANTED.

## I.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324. A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable

inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). As stated by the Court in *Celotex*, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322.

## II.     FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

Plaintiff was a District Chief in the Montgomery Fire Department ("MFD") in 2008 when she filed her suit in this court against the City of Montgomery alleging gender discrimination and retaliation in violation of Title VII and retaliation in violation of 42 U.S.C. § 1981. *See Jennings v. City of Montgomery*, Case No. 2:08-cv-509-CSC, Doc. No. 1 at 6-8.[2] After a court-assisted mediation, the parties settled their dispute by entering into a Settlement Agreement ("the Agreement") on September 11, 2009. (Doc. No. 30-5.) The Agreement outlined the terms under which Plaintiff would retire from MFD effective January 5, 2010. (*Id.* at ¶ 1.) The parties filed a Joint Stipulation of Dismissal on September 29, 2009. *Jennings v. City of Montgomery*, Case No. 2:08-cv-509-CSC, Doc. No. 45. Notably, in its order dismissing the case, this court did not retain jurisdiction over

---

[1] As it must when ruling on a motion for summary judgment, this Court accepts the evidence of the nonmovant – here, Plaintiff – as true and draws all justifiable inferences in her favor. *Anderson*, 477 U.S. at 255.

[2] The Court takes judicial notice of the documents filed in Plaintiff's prior Title VII case. *See United States v. Glover,* 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records . . . .").

the parties' compliance with the Agreement which was neither filed with nor approved by the court. *Jennings v. City of Montgomery*, Case No. 2:08-cv-509-CSC, Doc. No. 46.

The preamble to the Agreement recites that the parties and counsel appeared before retired United States Magistrate Judge Wallace Capel "for purposes of mediation on September 9, 2009." (Doc. No. 30-5 at 1.) It designates the City as the "Released Party" and included "all of the successors, assigns, principals, agents, representatives, servants, employees, former employees, officers, council members, and insurers of the entity" in the definition of "Collectively Released Party." (*Id*.) Paragraph four of the Agreement provides

> [Plaintiff] shall refrain from contacting or visiting any of the fire stations within the City of Montgomery, or in any way speaking in a derogatory nature regarding the Montgomery Fire Department, its administration or the administration of the City of Montgomery. She further agrees to keep confidential the terms of this settlement agreement. Released Party agrees to provide a neutral reference regarding [Plaintiff] to any potential employers, to refrain from speaking in a derogatory manner about [Plaintiff], and to the extent allowed by law, to keep confidential the terms of this settlement agreement and [sic] [.]

(Doc. No. 30-5 at ¶ 4.) The Agreement does not contain a provision to govern procedures or remedies in the event either party violates its terms.

Nearly nine years later, during an MFD meeting on February 15, 2018, Defendant Jordan, the Fire Chief of the Montgomery Fire Department, made derogatory statements regarding Plaintiff and her presentation of a proposed retirement plan to MFD employees prior to her own retirement in 2010. (Docs. No. 30-3, 30-4.)[3] Specifically, Defendant

---

[3] Plaintiff's response in opposition to summary judgment (Doc. No. 30) attaches unsworn statements and affidavits from MFD employees who affirm that they have first-hand knowledge

4

Jordan stated that Plaintiff "created negativity" in the department, that she "ruined retirements," that she "misinformed" the employees regarding the retirement program, that she and others "are not doing so well in life," and that she was demoted while at the MFD.[4] (*Id.*)  After learning of these comments by Defendant Jordan, Plaintiff filed this suit bringing the following four claims against Defendants: (1) a claim under 42 U.S.C. § 1983 alleging Defendants violated her "right under the Fourteenth Amendment to the [United States] Constitution to be free to enjoy the protection of the orders of the federal courts such as the mediated agreement in this action," (2) a retaliation claim under Title VII of the Civil Rights Act of 1964 based on Defendant Jordan's "improper discriminatory conduct toward her," (3) a state law claim of defamation/slander, and (4) a state law claim of breach of contract. (Doc. No. 1 at ¶¶ 29-44.)  Plaintiff seeks as relief compensatory and punitive damages against Defendants in an amount to be determined by a jury, an award of reasonable attorney's fees, and costs.  (*Id.*)

In response, Defendants assert a counterclaim against Plaintiff alleging breach of contract. (Doc. No. 8.)  Defendants contend Plaintiff failed to abide by the Agreement by speaking in a derogatory nature regarding the MFD, its administration or the City's

---

of Defendant Jordan's negative comments. (*See* Doc. No. 30-2 at 5-10 (anonymous, unsworn statements); Docs. No. 30-3, 30-4 (notarized affidavits).)  It is well-established that courts need not consider unsworn witness statements when deciding a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 n.17 & n.19 (1970); *First-Citizens Bank & Tr. Co., Inc. v. Brannon*, 722 F. App'x 902, 905 (11th Cir. 2018) ("As a general rule, district courts may not consider unsworn statements when determining the propriety of summary judgment." (marks and citation omitted)).  Hence, the Court does not consider the unsworn statements provided by Plaintiff in ruling on the summary judgment motion.

[4] Defendant Jordan disputes making any derogatory statements about Plaintiff.  (Doc. No. 23-1 at 13-16.)

administration in relation to her lawsuit and by failing to keep the terms of the Agreement confidential.  (*Id.* at 8.)

### III. JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367.  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.  *See* 28 U.S.C. § 1391.

### IV. DISCUSSION

A. <u>Plaintiff's Federal Claims</u>

    1.  Section 1983 Claim

In Count I of her Complaint, Plaintiff alleges under 42 U.S.C. § 1983 that Defendants violated her Fourteenth Amendment right "to be free to enjoy the protection of the orders of the federal courts such as the mediated agreement in this action" when Defendant Jordan made the disparaging remarks about her to MFD employees.  (Doc. No. 1 at ¶ 30.)  Defendants move for summary judgment, arguing *inter alia* that Plaintiff's § 1983 claim fails because that provision "only governs violations of rights secured by the [United States] Constitution or federal law."  (Doc. No. 23 at 2.)   The court agrees with Defendants.[5]

---

[5] Because the Agreement includes the City's agents, representatives, servants, employees and former employees in the definition of "Collectively Released Party" the Court assumes without deciding that Defendant Jordan, as Fire Chief of the Montgomery Fire Department, is bound by the Agreement executed by the City.

Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a § 1983 claim, the plaintiff must show that (1) she was deprived of a federal right (2) by a state actor. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has presented no evidence sufficient to create a genuine issue of disputed fact as to being deprived of a federal right based on the Agreement. The Agreement contains no language establishing that it created rights enforceable under the Constitution or laws of the United States. *See e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) ("When the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court . . ."); *Kokkonen v. Guardian Life Insurance of America,* 511 U.S. 375, 382 (1994) ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). In addition, the Court has not found, and Plaintiff has not provided, any precedent establishing that a settlement agreement reached in a federal case creates a constitutional right, that a breach of a settlement agreement in a federal case is a *per se* constitutional violation, or that such a settlement agreement is protected under the Fourteenth Amendment. Accordingly, Plaintiff's claim fails as a matter of law because the Agreement did not establish a federal right which is enforceable under 42 U.S.C. § 1983. Defendants are entitled to summary judgment on this claim.

2. Title VII Claim

In Count II of her Complaint, Plaintiff alleges a retaliation claim under Title VII of the Civil Rights Act of 1964 based on Defendant Jordan's "improper discriminatory conduct

toward her." (Doc. No. 1 at ¶ 32.) Defendants move for summary judgment arguing the Title VII retaliation claim fails to state a cause of action for which relief can be granted because Plaintiff was not a City employee at the time the alleged retaliation occurred. (Doc. No. 23 at 2-3.) Plaintiff abandons this claim in her response to the summary judgment motion. (*See* Doc. No. 30 at 7) ("Plaintiff does not wish to pursue a claim under Count II of her Complaint for Retaliation.") Accordingly, Defendants are entitled to summary judgment on Plaintiff's Title VII claim.[6]

---

[6] Title VII of the Civil Rights Act of 1964 prohibits discrimination against "any individual" with regard to that individual's terms and conditions of employment or application for employment. *See* 42 U.S.C. § 2000e–2(a) (1994). However, the terms "any individual" are narrowly construed.

> Congress intended to limit the scope of the Act to specific employment relationships; thus, the statute provides relief only against "employers" as defined under the statute. We can assume that Congress also meant to limit the pool of potential plaintiffs under Title VII; otherwise, any person could sue an "employer" under the statute regardless of whether she actually had an employment relationship with that employer.

*Llampallas v. Mini–Circuits, Lab, Inc.,* 163 F.3d 1236, 1243 (11th Cir. 1998). Thus "only those plaintiffs who are 'employees' may bring a Title VII suit." *Id.* at 1242. Moreover, section 704(a) of Title VII governs retaliation claims and provides protection for employees who oppose or participate in activities to correct an employer's discriminatory practices.

> It shall be an unlawful employment practice for an employer to discriminate against *any of his employees* or applicants for employment . . . because he [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a) (emphasis added). Here, the undisputed evidence shows that Plaintiff was not an employee of Defendants when the alleged retaliatory conduct occurred. In fact, Plaintiff retired from the MFD on January 5, 2010 – over eight years prior to the conduct at issue. (Doc. No. 23-2, Pl. Dep. at 6:6-10.) Hence, as Defendants correctly argue, they are not subject to suit under Title VII for the conduct alleged in Plaintiff's Complaint and are entitled to summary judgment on this claim.

B. <u>Plaintiff's State Law Claims</u>

Having disposed of Plaintiff's federal law claims, the court now turns to Plaintiff's remaining state law claims for defamation/slander and breach of contract.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which a federal district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.  Thus far, the Court has exercised supplemental jurisdiction over Plaintiff's state law claims based on the Court's original jurisdiction over Plaintiff's federal law claims.  28 U.S.C. § 1367(a).  However, where the district court "has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over any remaining claims.  28 U.S.C. § 1367(c).  "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997).  The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). *See also Kamel v. Kenco/Oaks at Boca Raton, LP*, 321 F. App'x 807, 811 (11th Cir. 2008) (referring to as "well settled in our circuit" that district courts should dismiss state law claims when the federal claims are dismissed).

In granting Defendants' motion for summary judgment, the Court dismisses Plaintiff's federal law claims.  As a result, there are no remaining claims over which the

Court may exercise original jurisdiction. Considering the relevant factors, the Court finds that the state law claims remaining in this action are best resolved by the Alabama state courts. The remaining claims raise issues of state law only that do not implicate federal interests in any manner. Further, because 28 U.S.C. § 1367(d) tolls the state statute of limitations, there is no unfairness to Plaintiff resulting from dismissal. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants and dismisses those claims without prejudice to her right to pursue them in state court.

## V.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED as follows:

1. Defendants' Motion for Summary Judgment (Doc. No. 23) is GRANTED as to Counts I and II of the Complaint.

2. Counts I and II of the Complaint are DISMISSED with prejudice.

3. Counts III and IV of the Complaint are DISMISSED without prejudice.

DONE this 31st day of August, 2020.

/s/  Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE